UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ABN AMRO MORTGAGE,

    Plaintiff,

  v.

ROBERT GREENE, et al.,

    Defendants.

CASE NO. C04-0450C

ORDER

I.    INTRODUCTION

This matter has come before the Court on Plaintiff ABN Amro Mortgage Group's ("ABN") motion for partial summary judgment against Defendant Kennedy Forster on the claims of fraud and civil conspiracy. (Dkt. No. 49.) Having carefully considered the papers filed by the parties in support of and in opposition to the motion, the Court hereby DENIES Plaintiff's motion.

II.    BACKGROUND

Plaintiff, a mortgage company, filed this cause of action for damages arising out of Greene Defendants' alleged fraud, misrepresentation, and civil conspiracy with the intent to defraud Plaintiff with respect to a $303,000 loan. The record before the Court shows the facts of this case to be as follows.

In July 2003, Greene Defendants obtained a loan from America's Wholesale Lender ("AWL") in the amount of $320,000. The loan was secured by a deed of trust in favor of AWL as the beneficiary. Shortly after the closing on the loan, the beneficial interest in the note and the deed of trust was

ORDER – 1

transferred to Countrywide Home Loans ("CHL").

In or about September 2003, Defendant Kennedy Forster began to volunteer at the CORE Group Ministry, assisting in legal research and performing other administrative tasks. In October 2003, soon after he started working with the CORE Group Ministry, he was approached by Marlene Diane Logan and Deborah Forslin, also CORE Group members, and asked to sign a document purporting to be an instrument of full reconveyance. This document represented that the amounts on the CHL note and deed of trust had been granted in full.

On October 3, 2003, Greene Defendants applied to Plaintiff for a new deed of trust loan to be secured by the same property described in the CHL note. Greene Defendants did not disclose the existence of the AWL/CHL loan, but did disclose four small unsecured lines of credit.

On October 14, 2003, Greene Defendants closed on a loan from Plaintiff and received a cash disbursement in the amount of $285,675.69.

Plaintiff now brings this motion for partial summary judgment on its fraud and civil conspiracy claims against the Forster Defendants.

III.     ANALYSIS

    *A.     Applicable standards*

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment motions and provides in relevant part that "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether an issue of fact exists, the court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable fact-finder to find for the non-moving party. *Anderson*, 477 U.S. at 248. The moving party bears the

ORDER – 2

burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

*B.    Fraud claim*

In order to prevail on its claim against Forster Defendants for fraud, Plaintiff must show, by clear, cogent and convincing evidence, the following nine elements: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 925 P.2d 194, 204 (Wash.1996). Here, Plaintiff argues that Kennedy Forster's signing of a document titled "Full Reconveyance" falsely represented that he was a substitute trustee and that the amounts owing on the Countrywide Note and Deed of Trust were paid in full.

The Court finds that Plaintiff's moving papers and the record now before the Court establish only seven of the nine elements of fraud by clear, cogent and convincing evidence.

The record reflects that Mr. Forster did indeed sign a document purporting to be a "Full Reconveyance" representing that the Greene Defendants were acting in their capacity as "Settlors" for Country Wide Home Loans, the sums secured by the deed of trust had been fully paid and that the deed of trust and the promissory note had been surrendered to Forster for cancellation. This document satisfies the first three elements of a showing of fraud: the representations were of purportedly existing fact, they were material, and they were false (*i.e.*, the sums secured by the deed of trust had not been paid).

However, the record does not contain clear, cogent and convincing evidence of elements (4) and (5), the speaker's knowledge of falsity and an intent to deceive. As a preliminary matter, the Court notes

ORDER – 3

that Washington courts have roundly rejected the notion that actionable fraud includes only those statements made with the knowledge that they are false. *See Raser v. Moomaw*, 139 P. 622, 624 (Wash. 1914) (stating that a material representation made recklessly without knowledge of its truth constitutes actionable fraud). *See also Swanson v. Solomon*, 314 P.2d 655, 657 (Wash. 1957) (stating that "a person cannot defeat recovery by a showing that he did not know his representations were false or that he believed them to be true, if he made them recklessly and carelessly without knowing for certain whether they were true or false"). Therefore, Mr. Forster's actual knowledge of the truth or falsity of the statements in the "Full Reconveyance" is largely irrelevant and lack of knowledge is not enough to excuse his role.

If there is no actual knowledge, a statement must be made recklessly in order to support a finding of fraud. Here, although Defendant Forster does not dispute that he made no effort to verify the truth or falsity of the representations made in the document to which he signed his name, it is not clear from the record that he should have known that he had reason to do so. The record before the Court, including Defendant Forster's declaration and a number of exhibits also referred to by Plaintiff, does not reflect that Mr. Forster was aware of the purpose of the document that he signed. There is no evidence that Mr. Forster had ever seen the "Substitution of Trustee" document representing that Mr. Forster (referred to as Mr. "Foster") was an "unincorporated foreign corporation, successor chapter 7 trustee under the Default by Country Wide Home Loans as Debtor." There is no evidence that before this litigation began, Mr. Forster had ever seen any of the documents he attaches as exhibits to his declaration, and to which Plaintiff cites as evidence of his involvement in a "so-called 'mortgage elimination' scheme designed to wrongfully eliminate the Countrywide mortgage." (Pl.'s Reply at 4, n.7.) For these reasons, without more evidence, the Court declines to find that Plaintiff has shown by clear, cogent and convincing evidence that Mr. Forster made his statements with the requisite degree of recklessness.

With respect to the fifth element, Defendant's intent, under Washington law, "fraud requires that the statements and acts be clearly calculated to deceive." *In re J.N.*, 95 P.3d 414, 420 (Wash. Ct. App.

ORDER – 4

2004). Defendant Forster claims that he did not know that the Greenes would be applying for another loan. (Forster Decl. ¶ 8.) Although intent may be inferred, *see Haberman v. Wash. Pub. Power Supply Sys.*, 744 P.2d 1032, 1070-71 (Wash. 1987), the inference must still be drawn on the basis of objectively identifiable and verifiable facts. Here, it is not even clear that Mr. Forster knew what kind of document he was signing or its significance. Without this kind of knowledge, actual or constructive, Plaintiff's proffer of documentary evidence is not enough to establish by clear, cogent and convincing evidence that Defendant Forster signed the "Full Reconveyance" with the intention that it would be relied upon by a subsequent creditor in making a determination of whether to extend credit.

Because the Court finds that the fourth and fifth elements have not been sufficiently established, and involve genuine issues of material fact, Plaintiff's motion for partial summary judgment must be denied. However, in the interest of judicial efficiency, and in order to narrow the scope of issues remaining for trial, the Court will address the remaining four elements of the showing of fraud: (6) Plaintiff's ignorance of falsity; (7) Plaintiff's reliance on the truth of the representation; (8) Plaintiff's right to rely upon it; and (9) damages suffered by the Plaintiff. Elements (6), (7) and (9) are established by clear, cogent and convincing evidence on the record and are not disputed.

With respect to the last remaining element, Washington courts have adopted the rule "that one to whom a positive, distinct, and definite representation has been made is entitled to rely on such representation and need not make further inquiry concerning the particular facts involved." *Rummer v. Throop*, 231 P.2d 313, 319 (Wash. 1951) (citing *Cunningham v. Studio Theatre*, 229 P.2d 890, 893-94 (Wash. 1951)). Here, the Court is satisfied that Plaintiff justifiably relied on Defendants' positive, distinct and definite representations that the previous note had been fully paid and therefore no longer presented a liability. The "Full Reconveyance" appeared to have been properly notarized and was recorded.

For these reasons, the Court finds that Plaintiff has shown by clear, cogent and convincing evidence that seven of the nine elements of a showing of fraud exist in this case. However, because genuine issues of material fact still remain as to the fourth and fifth elements concerning Defendant

ORDER – 5

Forster's knowledge and intent, Plaintiff's motion for partial summary judgment must be DENIED as to Plaintiff's claim of fraud.

### C. Civil conspiracy claim

In order to prevail on a claim for civil conspiracy, a plaintiff must show, by clear, cogent and convincing evidence that "(1) two or more people combined to accomplish an unlawful purpose or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy." *Newton Ins. Agency & Brokerage v. Caledonian Ins. Group*, 52 P.3d 30, 35 (Wash. Ct. App. 2002). Although "agreement" for the purposes of a civil conspiracy may be shown by circumstantial evidence, Plaintiff offers no evidence, circumstantial or otherwise, that Defendant Forster "agreed" with the Greene Defendants to appoint himself as trustee or to effect the fraudulent reconveyance of the Greene Property. The only hard evidence connecting Defendant Forster to the Greene Defendants is the "Full Reconveyance," in which his signature appears next to the Greene Defendants' signatures. In addition, Mr. Forster acknowledges having met the Greene Defendants briefly. However, this does not constitute clear, cogent and convincing evidence that there was a civil conspiracy between Mr. Forster and the Greene Defendants. For these reasons, Plaintiff's motion with respect to the civil conspiracy claim must be DENIED.

### IV. CONCLUSION

In accordance with the foregoing, Plaintiff's motion for partial summary judgment as to its claims against the Forster Defendants for fraud and civil conspiracy must be DENIED.

SO ORDERED this 10th day of August, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 6